UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLISON LENDING LLC,

Plaintiff,

-against-

LIFE LINE REAL ESTATE SOLUTIONS, LLC, AMIANTA N. PRIDGEON, and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

**REPORT AND RECOMMENDATION**

25-cv-5799 (FB) (PK)

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Allison Lending LLC brings this mortgage foreclosure action pursuant to New York Real Property Actions and Proceedings Law ("R.P.A.P.L."), Section 1301 *et seq.*, against Defendants Life Line Real Estate Solutions, LLC ("Life Line" or "Borrower"), Amianta N. Pridgeon, and City of New York Environmental Control Board ("ECB"), seeking to foreclose on real property located at 287/289 Pulaski Street a/k/a 289 Pulaski Street, Brooklyn, New York 11206 (the "Property"). (*See* Compl. ¶ 1, Dkt. 1.) Plaintiff has moved for a default judgment of foreclosure and sale of the Property and amounts due ("Motion," Dkt. 13).

The Honorable Frederic Block referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted.

## BACKGROUND

### I. Factual Background

The following facts are taken from the Complaint, Plaintiff's Memorandum of Law in Support of the Motion (Dkt. 13-2), the Declaration of Regularity by Alan H. Weinreb, Esq. in Support of the Motion ("Weinreb Decl.," Dkt. 13-7), the Declaration of John Ramer in Support of the Motion ("Ramer Decl.," Dkt. 13-6), and the Supplemental Affirmation of Mr. Weinreb ("Suppl. Weinreb

Decl.," Dkt. 13-7). The following facts are taken from the uncontested allegations in the Complaint and are assumed to be true for the purpose of deciding the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

***A. Parties***

**1. Plaintiff**

Plaintiff is the holder of a mortgage and note evidencing a loan agreement (the "Loan") originally negotiated between NY Tower Capital LLC as lender and Life Line as the borrower. (*See* Mortgage, Ex. B to Compl., Dkt. 1-1 at 5 (ECF pagination); Note (The Note and Mortgage are referred to as the "Loan Documents"), Ex. C to Compl., Dkt. 1-1 at 46.) The Loan was assigned to Plaintiff on May 9, 2024 before this foreclosure action was brought on October 16, 2025. (Note at 56.)

**2. Defendants**

Defendant Life Line is the borrower of the Loan, mortgagor under the Mortgage, and owner of the Property. (Compl. ¶ 3.) Amianta Pridgeon executed a guaranty, guaranteeing payment on the Mortgage and Note. (*Id.* ¶ 4.) ECB is a division of the City of New York that has filed judgments against the Property and its prior owner(s). (*Id.* ¶ 5.)

***B. Loan Documents***

The Loan was made on May 9, 2024 to Life Line in the original principal amount of $600,000 plus interest. (Mortgage, Dkt. 1-1 at 5.) The Loan Documents are secured by the Property located at 287/289 Pulaski Street a/k/a 289 Pulaski Street, Brooklyn, New York 11206 in the County of Kings and State of New York. (Compl. ¶¶ 9, 15–16.) Ms. Pridgeon signed the Guaranty, guaranteeing full payment of the Loan. (*Id.* ¶¶ 4, 11.) Through multiple assignments, Plaintiff was assigned the Loan Documents. (*See* Allonge to the Note, Ex. C to the Compl., Dkt. 1-1 at 60; Assignments of the Mortgage, Ex. E to Compl., Dkt. 1-1 at 89.)

Life Line failed to comply with the terms of the Loan Documents by not making the required payments when the Note matured on May 31, 2025. (Compl. ¶ 16.) On July 14, 2025, Plaintiff sent Life Line the Notice of Acceleration and Intent to Foreclose, advising it of the default and declaring the outstanding principal balance and interest due under the Loan Documents immediately due and payable. (Ex. F to the Compl., Dkt. 1-1 at 92; *see also* Compl. ¶ 16; Mortgage § E(4), Dkt. 1-1 at 23.)

The Loan Documents state that if the borrower fails to comply with the payment obligations under the Loan, Plaintiff has the right to foreclose its security interest in the property and recover payment of any outstanding debt owed. (*See* Mortgage § E(8); Note § 7.) Plaintiff alleges that the full amount due and owing as of January 7, 2026 is $702,702.72. (Suppl. Ramer Decl. ¶ 10.)

## II. Procedural Background

Plaintiff brought this foreclosure action on October 16, 2025. (Compl.) Defendants were each served with the summons. (Dkts. 8–10.) No Defendant appeared in the action. Plaintiff moved for entry of default (Dkt. 11), and on December 23, 2025, the Clerk of Court entered certificates of default against all Defendants (Dkt. 12).

Plaintiff filed the Motion on January 8, 2026, seeking entry of a judgment of foreclosure and sale and for amounts due under the Loan.

# DISCUSSION

## I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The plaintiff must demonstrate proper service

of the summons and complaint, *Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sep. 20, 2013), and must establish compliance with the procedural requirements of Local Civil Rules 7.1 and 55.2.

The court must assure itself that it has subject matter jurisdiction and may also examine whether it has personal jurisdiction over the defendant. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125, 133 (2d Cir. 2011).

The court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR) (PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *report and recommendation adopted*, 2020 WL 5517240 (E.D.N.Y. Sep. 14, 2020).

### *A. Jurisdiction*

#### 1. Diversity Jurisdiction

The Court has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332. Plaintiff is a limited liability company with a single member Yonel Devico, who is domiciled in and, therefore, a citizen of Florida. (Compl. ¶ 2.) Defendants are New York citizens. Life Line is a limited liability company, whose sole member Amianta N. Pridgeon is domiciled in and therefore, a citizen of New York. (*Id.* ¶¶ 3–4.) ECB is an agency of the City of New York and thus, a citizen of New York. (*See id.* ¶ 5.) Plaintiff seeks to recover $600,000 in unpaid principal, plus interest and other charges.

(Ramer Decl. ¶ 10.) Thus, this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1).

#### 2. <u>Personal Jurisdiction</u>

For this Court to exercise personal jurisdiction over a defendant, there must be jurisdiction under New York law, service must have been procedurally proper, and the exercise of personal jurisdiction must comport with constitutional due process. Courts in New York exercise general personal jurisdiction over entities that or individuals who are "domiciled in New York, have a physical presence in New York, consent to New York's exercise of jurisdiction, or do business in New York." *Delgado-Perez v. City of New York*, No. 17-CV-01194 (LTS) (BCM), 2018 WL 6200039, at *2 (E.D.N.Y. Nov. 28, 2018) (citing *Pinto-Thomaz v. Cusi*, No. 15-CV-1993 (PKC), 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015)) (cleaned up).

The ECB is named as a defendant in this action. To the extent the ECB is a New York City agency, it is not a suable entity. *See* N.Y.C. Charter § 396 ("All actions . . . shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Windward Bora LLC v. Thomas*, No. 20-CV-5320 (DG) (MMH), 2022 WL 14731628, at *4 (E.D.N.Y. Sep. 30, 2022). Nevertheless, "when claims are brought against non-suable [city agencies], the court may construe them as brought against the City of New York." *Id.* Thus, Plaintiff's claims against the ECB are construed as against the City of New York. The City of New York is subject to New York jurisdiction, and the ECB was properly served with the Summons and Complaint.

Life Line has a physical address and presence in New York, and Ms. Pridgeon is domiciled in New York. (Compl. ¶¶ 3–4.) They were both properly served with the Summons and Complaint.

Accordingly, this Court has personal jurisdiction over Defendants.

### *B. Procedural Compliance with Local Civil Rules 7.1 and 55.2*

Plaintiff filed the following in support of the Motion: Notice of Motion (Dkt. 13); a

memorandum of law in support of the Motion ("Pl. Mem.," Dkt. 13-2); a copy of the certificates of default against the Defaulting Defendants (Dkt. 13-5); a copy of the Complaint (Dkt. 13-4); and a proposed default judgment of foreclosure and sale ("Proposed Judgment," Dkt. 13-3). Plaintiff has also affirmed that none of the Defendants are infants, in the military, or incompetent persons. (Weinreb Decl. ¶ 4, Weinreb Suppl. Decl. ¶ 2.) Thus, compliance with the Local Civil Rules is satisfied.

***C. Standing***

Under New York law, a plaintiff establishes its standing in a foreclosure action if it was either the holder or assignee of the underlying note when the action was commenced. *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). Although NY Tower Capital LLC was the original lender to Life Line (Mortgage, Dkt. 1-1 at 6; Note, Dkt. 1-1 at 46), the Note was assigned to Plaintiff on May 8, 2024 (Allonge to the Note, Ex. C to the Compl., Dkt. 1-1 at 60). Through multiple assignments, the Mortgage was assigned to Plaintiff on August 5, 2025 and recorded with the City Register of New York on September 8, 2025, prior to commencement of the action on October 16, 2025. (Assignments of the Mortgage, Ex. E to Compl., Dkt. 1-1 at 89.) Accordingly, Plaintiff's standing is established.

***D. Liability***

**1. <u>Defendant Life Line</u>**

Under New York law, Plaintiff is entitled to foreclosure if it alleges "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015). If the elements required for a foreclosure are established, the mortgagee has a "presumptive right to collect [unpaid debts], which can only be overcome by an affirmative showing by the defendant." *Id.*

Plaintiff alleges that Life Line defaulted under the terms of the Loan Documents by failing to

make payments that became due upon maturity of the Note on May 31, 2025 and thereafter. (Compl. ¶ 16.) The Loan Documents provide that, if Borrower fails to make timely payments, Plaintiff has the right to institute a proceeding for foreclosure and collect the debts owed to it by Borrower. (*See* Mortgage § E(4), (8); Note ¶ 6.) Because Life Line has not appeared in this action, no affirmative showing has been made to overcome Plaintiff's presumptive right to collect its debts.

Accordingly, I find Plaintiff has established its entitlement to foreclosure and sale of the Property and respectfully recommend that a default judgment of foreclosure and sale of the Property be entered.

**2. <u>Defendant Amianta Pridgeon</u>**

By signing the Guaranty, Ms. Pridgeon acted as a guarantor. The Guaranty "is appropriately enforced in the foreclosure action when the deficiency judgment is sought following the sale," and by naming Ms. Pridgeon in this action, Plaintiff has preserved its right to seek a deficiency judgment against her after the foreclosure sale. *See Letchworth Realty, LLC v. LLHC Realty, LLC*, No. 15-CV-6680 (FPG), 2020 WL 5361666, at *3 (W.D.N.Y. Sep. 8, 2020) (quoting *Minin v. 2494 Amsterdam Ave, LLC*, No. 111122/10, 2011 WL 5295204, at *6–7 (N.Y. Sup. Ct. Oct. 27, 2011)) (collecting cases); *see also Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC*, No. 21-CV-1729 (EK) (RER), 2021 WL 7710107, at *4 (E.D.N.Y. Dec. 31, 2021), *report and recommendation adopted*, 2022 WL 903062 (E.D.N.Y. Mar. 28, 2022) ("Although a deficiency judgment is not appropriate until after the foreclosure and sale has occurred, it is appropriate at this stage to determine liability if the deficiency judgment should occur.") (citation omitted).

Accordingly, if any deficiency exists after the sale of the Property, I respectfully recommend that Plaintiff be permitted to seek a deficiency judgment against Ms. Pridgeon.

**3. <u>Defendant ECB</u>**

N.Y. R.P.A.P.L. Section 1311 provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97–98 (2d Dep't 2005)).

"Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants." *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (collecting cases), *report and recommendation adopted sub nom.* 2016 WL 3102021 (E.D.N.Y. June 2, 2016). When a default judgment is entered against such a defendant, the nominal interest in the property is terminated. *Windward Bora*, 2022 WL 14731628, at *8.

The Complaint states that ECB has judgments against the Property "and/or its prior owner(s)" and therefore, has a lien that is subordinate to the Mortgage. (Compl. ¶ 5.) Plaintiff filed an exhibit listing the alleged judgments, which were docketed against the Property under a prior owner in 2021. (*See* Ex. G to Compl., Dkt. 1-1 at 99–100; *see also* Pl. Aug. 31, 2026 Letter at 2, Dkt. 18.) Nevertheless, Plaintiff's pleadings are sufficient to establish any nominal liability of ECB. *See Christiana Bank & Tr. Co. v. Dalton*, No. 06-CV-3206 (JS) (ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (granting default judgment against defendants where complaint alleged that any judgments defendants "may have against [borrowers], if liens on the mortgaged property, were subordinate to [the plaintiff's] lien").

I find that because ECB was properly served with the Summons and Complaint, but failed to answer or otherwise respond, Plaintiff's allegations with respect to ECB are uncontested. Therefore, I respectfully recommend that a default judgment be entered against ECB and that its interests in the Property, if any, be terminated.

### *E. Damages*

Plaintiff contends that it is owed $600,000 of the Loan's principal balance, accrued interest in the amount of $86,761.64, and unpaid charges and advances in the amount of $15,941.08. (Pl. Mem. at 6.)

"Once liability is established, the court must ascertain damages with reasonable certainty." *U.S. Bank N.A. v. Christian*, No. 19-CV-427 (CBA) (RML), 2020 WL 3918566, at *6 (E.D.N.Y. Feb. 25, 2020), *report and recommendation adopted*, 2020 WL 3893015 (E.D.N.Y. July 10, 2020) (citing *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014)).

#### 1. <u>Unpaid Principal Amount</u>

As of January 7, 2026, neither Life Line or Ms. Pridgeon has made payments towards the Loan, leaving an outstanding balance of $600,000. (*See* Ramer Decl. ¶ 6; *see also* Note, Dkt. 1-1 at 46; Mortgage, Dkt. 1-1 at 101.)

#### 2. <u>Default Interest</u>

Under the Mortgage, Plaintiff is entitled to a default interest rate of 24% per annum after maturity. (Mortgage § E(15); Note § 7.1.) Plaintiff calculates interest from the date after the maturity of the Loan to the date of the filing of the Complaint: the interest from June 1, 2025 to December 31, 2025, is $84,000 ($600,000.00 × 24% ÷ 12 × 7 months), and the interest from January 1, 2026 until the filing of the Complaint on January 7, 2026 is $2,761.64 ($600,000.00 × 24% ÷ 365 × 7 days). Therefore, the total interest owed is $87,761.64.

**3. Advanced Charges**

The Mortgage states that Plaintiff is entitled to "any unpaid costs or balances of advances (excluding advances of the Principal) made by [Plaintiff] in connection with the Mortgage . . . or Note and to any other amounts which may be overdue on account of any of the several terms, provisions, conditions or covenants contained" in the Loan Documents. Here, Plaintiff requests "advanced charges" in the total amount of $15,941.08 for costs incurred from July 7, 2026 to December 9, 2025 for "property inspection charges totaling $120.00; a lender reimbursement charge of $4,550.00; a servicing fee lender reimbursement charge of $1,200.00; a foreclosure attorney charge of $3,250.00; a foreclosure administration charge of $225.00; and a lender-placed insurance advance of $6,162.16, together with $433.92 in accrued interest on that advance." (Pl. Aug. 31, 2026 Letter at 2–3.)

I find that the charges reasonably relate to the enforcement of the Loan under the Mortgage and Note. However, Plaintiff has not included billing records to support the request for the foreclosure attorney charge, and "an award of attorney's fees would not be appropriate because Plaintiff did not submit any billing records." *See Green Mountain Holdings (Cayman) Ltd.*, 2021 WL 7710107, at *4, n.4 (citation omitted); *see also Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *6, (E.D.N.Y. Aug. 3, 2018) ("The party seeking attorney's fees must submit records that enable the Court to determine whether the fee sought is reasonable.").

Accordingly, I recommend that these costs be granted except for the charge pertaining to a foreclosure attorney.

**4. Post-Judgment Interest**

Post-judgment interest is mandatory in civil actions, and such "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding the date of the judgment." 28 U.S.C. § 1961(a); *see also Jericho Plaza Portfolio LLC*, 2026 WL 476134, at *14.

Accordingly, I respectfully recommend that the Court approve post-judgment interest, which is calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961(a); *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that an award of post-judgment interest is "mandatory" and "governed by federal statute").

Accordingly, I respectfully recommend that the Plaintiff be awarded $700,452.72 consisting of the following: (1) $600,000 for the unpaid principal amount, (2) $87,761.64 for default interest accrued from June 1, 2025 to January 7, 2026, and (3) $12,691.08 in advanced charges related to enforcing the Mortgage and Note. I also recommend that Plaintiff be awarded post-judgment interest under 28 U.S.C. § 1961(a).

### *F. Appointment of Mark McKew as Referee*

Plaintiff seeks appointment of a Referee, Mark L. McKew, Esq., to direct the foreclosure and sale of the Property. (Proposed Judgment at 2.) "Courts in this Circuit have permitted such appointments where the plaintiff established a *prima facie* case by presenting a note, a mortgage, and proof of default." *Com. Lender LLC v. 413 Greene Realty 2014 Corp.*, No. 22-CV-2910 (HG) (PK), 2023 WL 7000877, at *7 (E.D.N.Y. Sep. 7, 2023) (emphasis in original).

Mr. McKew has substantial experience as a referee and has been previously appointed as one in this District. (*See* Pl. Aug. 18, 2026 Letter, Dkt. 17); *see also* J. of Foreclosure & Sale at 2, Dkt. 31, *1S REO Opportunity 1, LLC v. 223 Howard LLC*, No. 24-CV-2877 (PKC) (VMS) (E.D.N.Y. May 8, 2026); Default J. at 2, Dkt. 22, *1S REO Opportunity 1, LLC v. Shepard Towers LLC*, No. 25-CV-1710 (EK) (JRC) (E.D.N.Y. Mar. 12, 2026)).

Plaintiff also requests an award of sums expended in effectuating that sale and $750 in fees. (Compl. ¶ 24(c); Proposed Judgment at 2.) Section Eight of the Mortgage entitles Plaintiff to these fees.

Accordingly, I respectfully recommend that Mark L. McKnew, Esq. be appointed Referee to effectuate the judgment of foreclosure and sale of the Property, and Plaintiff be awarded the referee fee and sums expended in the sale.

**CONCLUSION**

Based on the foregoing, I respectfully recommend that the Motion be granted, as follows: (1) the annexed Judgment of Foreclosure and Sale be entered, (2) Plaintiff be awarded $700,452.72 in damages and (3) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

Plaintiff is respectfully requested to serve a copy of this Report and Recommendation on Defendants forthwith and file proof of such mailing no later than September 9, 2026. Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: September 5, 2026
Brooklyn, New York